## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| A.P.I., INC., ASBESTOS SETTLEMENT TRUST and A.P.I., INC., | Civil No. 09-975 (JRT/JJG) |
| Plaintiffs, | |
| v. | |
| HOME INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS, STEADFAST INSURANCE COMPANY, ZURICH INSURANCE COMPANY (SWITZERLAND), AMERICAN GURANTEE AND LIABILITY INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY, and ORANGE STONE REINSURANCE (IRELAND), | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

John H. Faricy, Jr. and Vadim Trifel, **FARICY LAW FIRM, P.A.**, 333 South Seventh Street, Suite 2320, Minneapolis, MN 55402, for plaintiffs.

Peter G. Van Bergen and Andrea E. Reisbord, **COUSINEAU MCGUIRE CHARTERED**, 1550 Utica Avenue South, Suite 600, Minneapolis, MN 55416-5318; and Richard Mancino, Joseph G. Davis, Russell D. Morris, and Christopher J. St. Jeanos, **WILKIE FARR & GALLAGHER LLP**, 787 Seventh Avenue, New York, NY 10019, for defendants.

This case is before the Court on defendants' motion to dismiss plaintiffs' Second Amended Complaint. For the reasons set forth below, the Court grants in part and denies in part that motion.

**BACKGROUND**

On July 17, 2009, defendants Zurich American Insurance Company, Zurich-American Insurance Company of Illinois, and Steadfast Insurance Company (collectively, the "original Zurich defendants") filed a motion for judgment on the pleadings of plaintiffs A.P.I., Inc. ("API") and A.P.I., Inc. Asbestos Settlement Trust's (the "Trust") (collectively, "plaintiffs") First Amended Complaint ("FAC"). On March 31, 2010, the Court issued an order (the "March 31 Order") granting in part and denying in part the original Zurich defendants' motion for judgment on the pleadings. (Order, Docket No. 109.) The Court granted the original Zurich defendants' motion as to Count 6 for fraudulent transfer, Count 8 for tortious interference with contractual relations, and Count 10 for violations of the Minnesota Consumer Protection Act. (*Id.* at 40.) The Court denied the motion in all other respects. (*Id.*) The Court hereby incorporates into this Order the background and analysis from the March 31 Order.

On November 19, 2009, after oral argument on the original Zurich defendants' motion for judgment on the pleadings, but before the Court issued its order on that motion, plaintiffs filed a Second Amended Complaint ("SAC"). (Second Am. Compl., Docket No. 74.) The SAC does not add or change the substantive claims alleged in the FAC. Instead, the SAC adds as defendants Zurich Insurance Company (Switzerland), American Guarantee and Liability Insurance Company, American Insurance Company,

and Orange Stone Reinsurance (Ireland) (collectively, the "new Zurich defendants"), and refers to all defendants collectively as "Zurich." (*Id.* at 1, ¶¶ 5, 18-21.) Plaintiffs allege that the new Zurich defendants were parties to transactions involving defendant Home Insurance Co. ("Home"), took insurance business from Home, and were successors-in-interest to or alter egos of Home and other entities. (*Id.*)

On December 22, 2009, the original Zurich defendants and the new Zurich defendants (collectively, "defendants") filed the instant motion to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). (First Mot. to Dismiss Second Am. Compl., Docket No. 85.)

## DISCUSSION

### I. STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party. See, e.g., *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore, must be dismissed. *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II. ANALYSIS

In their motion to dismiss the SAC, defendants incorporate their arguments from the motion for judgment on the pleadings and contend that the Court should dismiss the SAC as to the original Zurich defendants and the new Zurich defendants for those reasons. (Mem. in Supp. of First Mot. to Dismiss Second Am. Compl. at 1-2, Docket No. 88.) Defendants advance three additional arguments in support of the motion to dismiss. First, defendants argue that under *Motlow v. Southern Holding & Securities Corp.*, 95 F.2d 721, 724 (8th Cir. 1938), plaintiffs lack standing to bring claims for fraudulent transfer. Second, plaintiffs assert that new information obtained after the parties briefed the motion for judgment on the pleadings demonstrates that the Court should dismiss the case on comity grounds. Third, plaintiffs argue that the Court should dismiss the fraudulent transfer and tortious interference with contract claims against the new Zurich defendants because the statute of limitations bars those claims.

As to defendants' first and third arguments, the Court dismisses the fraudulent transfer and tortious interference with contract claims against all defendants for the reasons discussed in the March 31 Order. (*See* Order at 14-20 (dismissing Count 6 for

fraudulent concealment); *id.* at 22-23 (dismissing Count 8 for tortious interference with contractual relations); *id.* 32-33.)

As to defendants' second argument, the Court denies defendants' motion to dismiss the SAC. Defendants argue that after the parties filed briefing on the motion for judgment on the pleadings, they "learned from API's Bankruptcy Disclosure Statement that API had, in fact, filed a Proof of Claim in the New Hampshire Superior Court seeking recovery from Home under the Policies. More recently, Plaintiffs have produced to [Zurich] the actual Proof of Claim, which API filed in New Hampshire on June 8, 2004." (Mem. in Supp. of First Mot. to Dismiss Second Am. Compl. at 4-5, Docket No. 88.) Zurich argues that in light of the Proof of Claim, "it is apparent that API is litigating the very same coverage claims against Home in the New Hampshire Court that it has asserted against Defendants in this action." (*Id.* at 5.) Defendants also argue that the Proof of Claim weakens plaintiffs' argument under *Fuhrman v. United American Insurors*, 269 N.W.2d 842 (Minn. 1978), that plaintiffs have standing to bring the claims pleaded in the SAC in this Court.

For the reasons discussed in the March 31 Order, defendants' comity arguments are not persuasive. Further, the Court will not consider the Proof of Claim in reviewing the sufficiency of the SAC. "When considering . . . a motion to dismiss under [Rule] 12(b)(6) . . . the court generally must ignore materials outside the pleadings, but it may consider **some materials that are part of the public record** or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotation marks

and citation omitted; emphasis added). Plaintiffs, however, dispute the Proof of Claim's relevance and its impact on plaintiffs' ability to litigate in this Court the claims pleaded in the SAC. Consequently, the Court will not consider the Proof of Claim in reviewing defendants' comity arguments.[1] *Cf. Elnashar v. United States Dep't of Justice*, 446 F.3d 792, 796 (8th Cir. 2006) ("[T]he district court may look to public records not contradictory to the complaint[] in a motion for judgment on the pleadings[.]").

In sum, for the reasons set forth above and in the March 31 Order, the Court grants in part and denies in part defendants' motion to dismiss the SAC. The Court dismisses Count 6 for fraudulent transfer, Count 8 for tortious interference with contractual relations, and Count 10 for violations of the Minnesota Consumer Protection Act, Minn. Stat. § 325F.69, as to all defendants. The Court denies the motion in all other respects.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' First Motion to Dismiss the Second Amended Complaint [Docket No. 85] is **GRANTED in part** and **DENIED in part** as follows:

---

[1] In addition, defendants note that they did not learn of the Proof of Claim until after they obtained API's Bankruptcy Disclosure Statement and after plaintiffs "produced to Defendants the actual Proof of Claim." The Court will not consider such evidence – regardless of defendants' characterization of the evidence as "materials that are part of the public record" – in these circumstances.

1. The motion is **GRANTED** as to Counts 6 (fraudulent transfer), 8 (tortious interference with contractual relations), and 10 (violations of the Minnesota Consumer Protection Act). Accordingly, those claims are **DISMISSED with prejudice**.

2. The motion is **DENIED** in all other respects.

DATED: September 30, 2010  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge